CAMPBELL, Acting Chief Judge.
In this appeal, the Department of Health and Rehabilitative Services (HRS) maintains that HRS, not appellee, Joseph Cutrone (Husband), was entitled to intercepted IRS *532 refunds that had been intercepted to pay Husband’s Aid to Families with Dependent Children (AFDC) debt and his back child support arrearage. We agree with HRS and reverse because we conclude that the court’s order refunding the monies to Husband was based on an incorrect finding.
In its order refunding the monies to Husband, the court found that the parties had stipulated that Husband would not seek payment of child support from Wife if he received the funds intercepted. However, the parties did not stipulate that Husband was to receive the intercepts. They agreed that the intercepts were to go toward the AFDC debt owed, as follows:
[T]he parties acknowledge that Former Husband is in arrearage for child support and AFDC payments, which arose while the parties’ minor daughter was in the primary residential custody of Former Wife. Within the last three (3) months, approximately one thousand dollars ($1,000.00) of Former Husband’s Federal Income Tax Return refund was intercepted for payment on his arrearage. Such payment should completely satisfy Former Husband’s obligation for the AFDC debt. In light of these facts and circumstances, the parties agree that Former Husband shall not make any payments toward his arrearage for a period of six (6) months after entry of the Order ratifying and affirming this Stipulation.
The court evidently found that this stipulation operated to estop HRS, as Wife’s subro-gee, from claiming any of the IRS intercept monies. However, since the parties did not stipulate that Husband would receive the intercepts, the court’s estoppel analysis must fail. Neither HRS nor Wife agreed to anything that would estop them from claiming the intercepts.
Although the court also found that HRS was unable to provide figures documenting the amount of the AFDC debt, Husband stated in his motion to release funds that the AFDC debt was $612. Even if the amount of the debt was difficult to ascertain, the appropriate remedy was not a refund to Husband.
Finally, the court found that it was in the best interests of the child for her residential parent, Husband, to have the intercepted funds. While this may be true, this is not a sufficient reason to give the money to him, especially when there is an outstanding child support arrearage.
We reverse the refund to Husband and remand.
HALL and QUINCE, JJ., concur.